White, J.
The correctness of the rulings of the court below depends on the construction to be given to a provision of the act of May 1, 1854, providing against the ■evils resulting from the sale of intoxicating liquors. S. & C. 1431.
The provision in question declares that it shall be unlawful for any person or persons, by agent or otherwise, to sell intoxicating liquors in the cases specified in the act.
To bring a person within tire operation of the act, the elements which constitute the offense must attach to him. He must make the sale. It is immaterial whether he does it directly or indirectly. The object in using the phrase, u by agent or otherwise,” was to show expressly and unequivocally that the act was intended to embrace every means that the person charged might employ in effecting the illegal sale.
In giving construction to the statute, the court below applied the rule in civil cases, which holds the principal, as to third persons, liable for the acts of his agent done within the general scope of his authority, irrespective of actual instructions that were unknown to the person dealing with the agent. In such case, as between the principal and a third person dealing with the agent on the faith of his apparent authority, the law conclusively presumes the actual authority of the agent to be what it openly appears to be; while, as between the principal and agent, the extent of the actual authority may be shown.
*308 The rule as to the conclusive effect of the prima facie, or apparent authority of an agent, ought not to be applied to the enforcement of a criminal statute Where such statute is fairly susceptible of a different construction. The accused, in such case, has the right to rebut the presumption of prima facie agency, which the evidence makes against him, by showing, if he can, that the criminal act was, in fact,, committed without his authority and against his instructions.
Strictly speaking, the legal relation of principal and agent does not exist in regard to the commission of crim-' inal offenses. All who participate in the commission of such offense, are either principals or accessories. In offenses less than felony all are principals. But when it in fact appears that the person accused in no way participated, in the commission of the criminal act, he ought not, by construction, to be made punishable for it.
Of course, the directions to the clerk or agent forbidding the sale must be in good faith to be of any avail. For,, however notorious or formal such directions may be,, they can have no effect if they are merely colorable. The fact of agency is to be determined by the real understanding■ between the principal and agent.
Our holding in this case is sustained by the decision of the Supreme Court of Connecticut, Barnes v. The State, 19’ Conn. 399; and by that of the Supreme Court of Massachusetts, Commonwealth v. Nichols, 10 Met. 259.
Judgment reversed, and canse remanded for a new trial..